**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

John P. Fazzio, Esq.
Fazzio Law Offices
21 Main Street, Suite 255
Hackensack, NJ 07601
(201) 529-8024
Attorney for the Landlord, Ameream LLC

In re:

The Truth Graphics LLC

Debtor-in-Possession.

**Case No.: 25-20883-SLM**

**Chapter 11**

**Judge: Hon. Stacey L. Meisel**

**Hearing Date: 11/13/15 – 10:00 am**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**Memo of Law ISO Request for No-Stay Determination (§§ 362(b)(10), 541(b)(2); LBR 4001-4) or, Alternatively, Stay Relief (§ 362(d)(1),(2)) with Rule 4001(a)(3) Waiver; and, in the Further Alternative, Order Compelling Assumption/Rejection with Cure.**

**LANDLORD'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (i) REQUEST FOR CONFIRMATION THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. §§ 362(b)(10) & 541(b)(2) AND D.N.J. LBR 4001-4; (ii) IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY FOR "CAUSE" AND UNDER § 362(d)(1), (d)(2) WITH WAIVER OF FED. R. BANKR. P. 4001(a)(3); AND (iii) FURTHER ALTERNATIVE REQUEST TO COMPEL PROMPT ASSUMPTION OR REJECTION WITH FULL CURE AND ADEQUATE ASSURANCE**

## PRELIMINARY STATEMENT

Debtor's letter-objection **concedes the dispositive point**: **the nonresidential lease "expired by its own terms on October 31, 2025," and "Section 362(b)(10) now applies."**

That concession alone removes the premises from the estate and confirms that the automatic stay does not bar Landlord from obtaining possession. The balance of Debtor's objection (disputing prepetition termination notice) is academic—and wrong—because, even accepting Debtor's view arguendo, the postpetition term expired and § 362(b)(10) governs.

The Court should confirm that the stay does not apply and authorize immediate state-court proceedings. In the alternative, any further use must be strictly conditioned to protect the shopping-center landlord, including immediate cure, timely performance, and a funded holiday escrow, with self-executing relief upon breach.

## ARGUMENT

### I. Debtor's Concession That the Lease Expired on October 31, 2025 Triggers § 362(b)(10) and Ends the Stay as to Possession.

**Debtor affirmatively "agrees that the Amended Lease expired, post-petition, on October 31, 2025" and "concedes that Section 362(b)(10) applies here."** That statute removes from the stay "any act by a lessor … to obtain possession" of nonresidential real property whose stated lease term expired before or during the case. Debtor's request to "confer" about extending the lease through the holiday season underscores that the only path forward is a new deal—there is no assumable, unexpired lease to preserve with the stay. The Court should therefore (i) confirm that the stay does not apply under § 362(b)(10) and § 541(b)(2), and (ii) authorize Landlord to proceed to judgment and warrant.

### II. Debtor's Notice Argument Does Not Save Its Objection and, in Any Event, Misreads the Documents.

Debtor argues the August 25, 2025 letter gave "only six (6) days" notice and thus was not an effective termination under a 30-day early-termination clause. But Debtor simultaneously acknowledges Landlord also cited defaults—including nonpayment—**providing independent grounds for remedies under the lease's default provisions.** Regardless, the Court need not resolve the prepetition-termination dispute: Debtor admits the lease expired during the case, and the stay therefore does not bar possession now.

### III. If the Court Declines Immediate Stay Relief, It Must Impose Robust Shopping-Center Protections and Adequate Protection Conditions.

Shopping-center leases receive heightened protection; courts routinely accelerate assume/reject decisions and require concrete assurance and escrows to avoid landlords subsidizing a "holiday option." See authorities collected in Landlord's memorandum (accelerated timelines; cure; ongoing performance; and holiday escrow). At minimum, any interim occupancy should be conditioned on:

1. strict compliance with § 365(d)(3) (timely postpetition rent and all charges);
2. a dated arrears cure schedule;
3. a funded **holiday escrow** covering November–January obligations; and
4. variance-tested monthly cash/sales reporting with a self-executing stay-relief trigger upon any default.

### IV. Debtor's "Budget" Assertions Do Not Demonstrate Feasibility or Adequate Assurance.

Debtor relies on an "Interim Monthly Budget" and asserts it can "operate profitably." But projections untethered to demonstrated sales, without a funded cure or holiday escrow, do not constitute adequate assurance—particularly in a shopping-center context and with a lease that (by Debtor's admission) has expired.

## CONCLUSION

Debtor's own submission resolves this motion: the lease expired October 31, 2025, and § 362(b)(10) permits Landlord to proceed to possession. The Court should enter an order (1) confirming no stay applies under §§ 362(b)(10) and 541(b)(2) and authorizing immediate state-court proceedings; or, in the alternative, (2) conditioning any further occupancy on immediate cure, ongoing timely performance under § 365(d)(3), a fully funded holiday escrow, enhanced reporting, and self-executing stay relief upon any default.

Respectfully submitted,

**Fazzio Law Offices, LLC**

/s/ *John P. Fazzio, Esq.*
John P. Fazzio, Esq.
Attorney for the Landlord, Ameream LLC

Date: November 10, 2025